# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **MICHAEL SHORT,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:04CV00642 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **UNITED STATES,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Petitioner Michael Short, a federal inmate proceeding pro se, brings this Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. In his petition, Short alleges that he received ineffective assistance of counsel. The respondent has filed a Motion to Dismiss, to which Short has responded, making this matter ripe for consideration. Although most of Short's claims are without merit, there is conflicting testimony as to one of Short's claims. Therefore, I will grant the Motion to Dismiss as to all claims except one and schedule an evidentiary hearing for that claim.

I

On December 20, 2001, a jury found Short guilty of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, distribution of a controlled

substance, in violation of 21 U.S.C. § 841(a), two counts of use of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1), and unlawful transportation of a firearm, in violation of 18 U.S.C. § 922(g)(3). On March 6, 2002, this court sentenced Short to a total of 438 months imprisonment, consisting of concurrent 78-month terms on each of the drug trafficking counts and 60- and 300-month consecutive terms on the firearm counts.

Short appealed and the court of appeals affirmed his convictions. United States v. Short, 55 Fed. Appx. 183 (4th Cir.), cert. denied, 540 U.S. 946 (2003). Short signed the instant petition on October 10, 2004.

Short's petition conforms to 28 U.S.C. § 2242, which outlines the requirements for a petition for a writ of habeas corpus. In addition, Short meets the requirements of § 2255 because he was in custody pursuant to a judgment of this court at the time of the petition, and remains in custody to this day.

II

The Sixth Amendment protects a criminal defendant's right to effective assistance of counsel. In Strickland v. Washington, 466 U.S. 668, 669 (1984), the Court announced a two-prong test that the defendant must satisfy in order to demonstrate a denial of his right to effective assistance of counsel. The first prong

requires the defendant to prove that counsel's representation of the defendant fell below an objective standard of reasonableness. Id. at 688. However, there is a strong presumption that an attorney is acting reasonably. Id. at 688-689. The second prong requires the defendant to prove prejudice to his defense. This requires a showing that but for his attorney's errors, there is a reasonable probability that the outcome of the trial would have been different. Id. at 694.

In claim B, Short alleges that his lawyer failed to review the Presentence Investigation Report ("PSR") with him, and failed to make objections to the drug weight and Short's leadership role. There is a disagreement between Short and the respondent as to whether or not counsel reviewed the PSR with Short over the phone and in writing. During sentencing, counsel was asked if he had reviewed the PSR with Short, to which counsel replied that they had reviewed the PSR. Short did not then object to what he now claims was a blatant lie. Regardless of whether or not counsel reviewed the PSR with Short, because Short has not demonstrated any actual prejudice, this claim must be dismissed.

Short alleges that counsel should have objected to the drug weight attributable to Short and to Short's leadership role. Short outlines, at length, a great deal of the evidence of Short's drug distribution that was presented to the court. However, Short does not note any objections counsel should have made concerning the drug amounts
-3-

Case 7:04-cv-00642-JPJ-mfu   Document 37   Filed 06/23/05   Page 3 of 8   Pageid#: 190

Short disputes. As such, Short has failed to show that counsel's performance was deficient.

Short alleges that he did not occupy a leadership role in the criminal enterprise. However, Short acknowledges that evidence was presented that Short exercised control over others. As such, Short has not shown that it was plain error for the court to find that Short occupied a leadership position and thus enhance Short's sentence. Short has not demonstrated any prejudice as a result of his claims of deficient representation.

In claim C, Short alleges that counsel was ineffective for failing to investigate possible juror bias. Short alleges that one of the jurors stated that she knew someone named Short during a break in the testimony. However, the court investigated this matter and found that the juror did not know the person about whom the testimony was being given. See Tr. 2-108-09. The subject of the testimony was nicknamed "Shorty" and lived some distance from the person, named Short, about whom the juror knew. Id. Because the allegation of juror bias was adequately addressed, Short has not shown deficient performance on the part of counsel.

In claim D, Short alleges that appellate counsel failed to raise the inadequacy of jury instructions on appeal. Short alleges that the jury was not instructed that they could find that Short "used" the gun, and that the instructions on "carrying" and

-4-

Case 7:04-cv-00642-JPJ-mfu   Document 37   Filed 06/23/05   Page 4 of 8   Pageid#: 191

"possessing" a gun failed to define every word used in the instructions. Short has not alleged that his own actions failed to meet the normal definitions of these terms or that insufficient evidence was presented to show that his actions met those definitions. In addition, counsel is not required to raise every possible issue on appeal. Short does not alleged that he asked counsel to raise the jury instruction issue on appeal. Determining which issues to raise on appeal is part of the trial strategy and is therefore given great deference. Short has not alleged sufficient facts to show that counsel's performance was deficient.

In claim E, which Short put forth in his first amendment, Short alleges that the cumulative effect of counsel's errors supports a finding of ineffective assistance of counsel. However, the Fourth Circuit does not recognize the cumulative effect of counsel's errors in determining ineffective assistance of counsel. See Fisher v. Angelone, 163 F.3d 835, 852 (4th Cir. 1988).

In claim F, which Short advanced in his first amendment, Short alleges that appellate counsel was ineffective for failing to raise on appeal all of trial counsel's errors during trial and sentencing. However, because the court finds no merit in claims B-E, Short has not demonstrated any prejudice as a result of appellate counsel's failure to raise these issues on appeal.

-5-

Case 7:04-cv-00642-JPJ-mfu   Document 37   Filed 06/23/05   Page 5 of 8   Pageid#: 192

In his second amendment, filed over two months after the respondent's motion to dismiss, Short alleges that the indictment was constitutionally infirm because counts three and four were duplicitous. However, for purposes of the one-year limitation period, amendments only relate back to the original filing if they arise from the same transaction or occurrence. See Fed. R. Civ. P. 15(c)(2). As noted by Short, the Fourth Circuit has limited the relating back of amendments to similar claims made in the initial petition. See United States v. Pittman, 209 F.3d 314, 317-18 (4th Cir. 2000). However, Short requests that this court disregard binding precedent in this circuit and instead follow the lead of other courts of appeal. Short's amendment deals with counsel's failure to object to the indictment. None of Short's prior claims referenced the indictment. Therefore, the court finds that Short's second amendment does not relate back to his initial petition, and is thus time barred.

In claim A, Short alleges that counsel informed Short that he should not accept a proposed plea agreement because Short did not "use" the firearms as required by 18 U.S.C. § 924(c). Short claims that in reliance on this advice, he rejected the plea agreement and that but for counsel's erroneous advice, Short would have accepted the plea agreement. In an affidavit, counsel denies Short's allegations and states that counsel informed Short about the plea offer and urged Short to accept the plea.

Counsel states that he repeatedly told Short that the evidence supported a finding of guilt for use and that Short faced a long sentence if convicted.

There is a clear disagreement as to what counsel told Short. The disagreement centers on a material fact and as such, the court cannot grant the motion to dismiss.

III

Short has not shown that his trial or appellate counsel were ineffective in their representation as alleged in claims B, C, D, E, and F. Therefore, these claims must be dismissed. However, there is a material dispute of fact as to the allegations made in claim A. Therefore, the court will set an evidentiary hearing as to Claim A. Short's second amended complaint was untimely, and will thus be denied.

In accordance with the foregoing, it is **ORDERED** as follows:

1. The respondent's motion to dismiss claims B, C, D, E, and F is **GRANTED** and petitioner's claims B, C, D, E, and F are **DISMISSED**;

2. The respondent's Motion to Dismiss petitioner's claim A is **DENIED**;

3. The petitioner's Motion to File a Second Amendment (Docket #35) is **DENIED**;

4. The petitioner's Motion for Clarification (Docket #28) is **DENIED**;

5. The petitioner's Motion to Vacate (Docket #33) is **DENIED** because it was signed more than two weeks after the end of the period which petitioner was granted to reply to the respondent's Motion to Dismiss and it does not raise any facts material to the adjudication of petitioner's claims; and

6. The Clerk is directed to arrange for appointed counsel for petitioner and to schedule an evidentiary hearing before the undersigned judge.

ENTER: June 23, 2005

/S/ JAMES P. JONES
Chief United States District Judge

-8-